MATTHEW W. McVEA, Respondent, *v.* ANDREW GEORGE, Appellant.

*Landlord and tenant — action by landlord for accounting — lease on shares — new finding made by Appellate Division.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Genesee county clerk's office on May 14, 1924, and also from an order entered on June 19, 1924, denying the defendant's motion for a new trial.

PER CURIAM: The findings of fact contained in the decision of the referee do not sustain the conclusions of law or the judgment entered upon the direction contained in the decision. It is, therefore, necessary either to reverse the judgment and order a new trial, or to make new findings of fact and direct the entry of judgment thereon. In view of the expense of this litigation and the compara-

tively small amount involved, and particularly because of the request of counsel for both parties, we have decided to make new findings. Our views on the questions raised, are, we believe, for the most part sufficiently indicated by the new findings and the judgment granted. A few words of explanation, however, are, perhaps, desirable. We have reached the conclusion that the accountings of the defendant correctly embodied all receipts and disbursements in the operation of the farm up to the 31st day of December, 1919. The only items remaining open are the milk receipts for January, 1920, and the proceeds of the hay sold by the defendant in May, 1920. The demand of Bruning for baling the hay has not been satisfied and cannot be taken care of in this judgment, but remains the obligation of both defendants. The check for twelve dollars and twenty-four cents which was delivered about April 1, 1920, by the defendant to the plaintiff's agent covered the balance due from the defendant to the plaintiff up to December 31, 1919. One-third of the receipts for the sale of milk in January is due from the defendant to the plaintiff, and this is taken care of in the distribution of the moneys on deposit with the county treasurer as provided in the judgment. The proceeds of the sale of the hay now on deposit with the county treasurer belong equally to the parties. The provision of the contract upon which the plaintiff claims to be entitled to the entire proceeds of the sale of five tons of hay never became effective for it was based upon a condition which has not occurred, namely, the expiration of the lease at the end of a three- or five-year period. The lease was, in fact, terminated at the plaintiff's request at the end of the first year. (*Finkelmeier* v. *Bates*, 92 N. Y. 172; *People's Bank* v. *Mitchell*, 73 id. 406.) There were breaches of the agreement on both sides such as, on the part of the defendant, the failure to keep the requisite number of cows, and, on the part of the plaintiff, the failure to build the silo, but proof of the amount of damages from such breaches is absent. Similarly, the evidence establishes that the defendant was induced at the end of the first year to surrender his right to the continuation of the agreement for four more years by false and fraudulent representations of the plaintiff, but satisfactory proof of the amount of damages which defendant suffered is wholly lacking and only nominal damages can, therefore, be awarded for this wrong. The judgment and order should be modified so as to provide that, of the deposit of $458.11, in the hands of the county treasurer of Erie county to the credit of this action, the sum of $231.44 is the property of the plaintiff and the sum of $226.67 is the property of the defendant, interest and fees of the county treasurer to be divided in proportion to the interest of the parties in the principal sum, and that the county treasurer be directed to pay over to the parties the sums so adjudged to belong to them respectively, and further that the defendant recover of the plaintiff the sum of six cents damages for deceit, and as so modified affirmed, without costs. All findings of fact disapproved and reversed and new findings of fact and conclusions of law made. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ. Judgment modified in accordance with the opinion and as so modified affirmed, together with the order, without costs of this appeal to either party. Certain findings of fact and the conclusions of law are disapproved and reversed and new findings made.